UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>TONIA ZARATE,<br><br>    Defendant. | NO. CR-08-042-JLQ<br><br>**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

**BEFORE THE COURT** is the Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Ct. Rec. 94), pursuant to 28 U.S.C. § 2255. The Government has not yet been served with the Motion. For the reasons stated herein, the Motion is **DENIED**.

<u>I. Background</u>

The Defendant, Tonia Zarate ("Zarate"), pleaded guilty to one count of conspiracy to distribute 5 grams or more of pure methamphetamine on June 13, 2008. On August 29, 2008, Ms. Zarate was sentenced to, *inter alia*, 84 months incarceration, which she is currently serving at FCI Danbury, Connecticut. No direct appeal was made by Ms. Zarate. On September 9, 2009, Ms. Zarate filed this Motion to Vacate, Set Aside, or Correct Sentence (Ct. Rec. 94), pursuant to 28 U.S.C. § 2255. In her Motion, Ms. Zarate sets forth three grounds for relief: first, she contends that she lacked the effective assistance of counsel due to her counsel's allegedly faulty legal advice to plea to the charge and failure to object to the sufficiency of the evidence; secondly, she contends

ORDER - 1

that she lacked the effective assistance of counsel due to her counsel's failure to argue mitigating circumstances at sentencing, such as her previous suffering of physical and sexual abuse; thirdly, she contends she lacked the effective assistance of counsel due to her counsel's failure to call character witnesses at sentencing or seek out a psychiatric exam for her.

## II. Standard of Review

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).  When considering a § 2255 petition, the district court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir.2003).  A district court has the discretion to forego an evidentiary hearing and instead rely on the record, which may be supplemented by: discovery and documentary evidence, the judge's own notes and recollection of the trial, and common sense. *Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir.1989). The Ninth Circuit has specified that "[m]erely conclusory statements in a § 2255 motion are not enough to require a hearing." *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993).

The statute of limitations for Motions under 28 U.S.C. § 2255 is one year from the date on which the judgment of conviction became final, an impediment to filing is removed, or a new right is recognized by the Supreme Court.  28 U.S.C. § 2255(f).

All three of Ms. Zarate's claims allege ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984), sets forth the two-part standard for evaluating claims of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).  If a defendant fails to meet either prong of the test, the claim of ineffective assistance must be denied. *Strickland*, 466 U.S. at 700.  First, a defendant must show

ORDER - 2

that, considering the totality of the circumstances, counsel's performance fell below an objective standard of reasonableness. *Id.* at 687-88. This can be accomplished by a defendant's identification of acts or omissions that are not the result of reasonable professional judgment. *Id*. at 690. Second, the defendant must affirmatively prove prejudice by showing that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at 693. Additionally, there remains a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Id*. at 689.

### III.  Discussion

*A. Statute of Limitations*

It is undisputed that Ms. Zarate was sentenced, and judgment entered, on August 29, 2008. Ct. Recs. 87, 88. Accordingly, Ms. Zarate's Motion is untimely, as it was filed more than one year subsequent to the entry of judgment, albeit only ten days late. Ct. Rec. 94. Ms. Zarate does not state why her petition was late, asserting rather that it was, in fact, timely filed. Ct. Rec. 94, 13. Though dismissal of the Motion as untimely would be appropriate, public policy and the policy of this court favors the resolution of cases on their merits.

*B. First Ground*

Ms. Zarate first claims that she lacked the effective assistance of counsel due to her counsel's allegedly faulty advice to plea to the charge and failure to object to the sufficiency of the evidence. Ms. Zarate has not met either of her two *Strickland* burdens. First, she has not shown the manner in which her counsel's conduct fell below an objective standard of reasonableness. Simply stating "[f]ailure to prepare for plea . . . faulty legal advice to plea to methamphetamine actual/pure" is not sufficient to satisfy the first *Strickland* prong. Ct. Rec. 94, 5. *Strickland* strongly presumes that counsel's conduct falls within the range of reasonable professional assistance, and Ms. Zarate's knowledgeable and voluntary plea of guilty supports this presumption. Ct. Rec. 73. Accordingly, Ms. Zarate's Motion is **DENIED** as to the first ground.

ORDER - 3

*C. Second Ground*

Ms. Zarate next contends that she lacked the effective assistance of counsel due to her counsel's failure to argue mitigating circumstances at sentencing, such as her previous suffering of physical and sexual abuse. Though Ms. Zarate perhaps believes that her counsel should have been more vociferous in orally arguing mitigating factors, such belief is opinion, not objective evidence of ineffective assistance of counsel. The court was in possession of a thorough presentence investigation report, prepared with the help of Ms. Zarate, ensuring the court's knowledge and consideration of these factors. Ms. Zarate has neither shown that her counsel's conduct fell below an objective standard of reasonableness, nor that the outcome of the proceeding would have been different. *Strickland* strongly presumes that counsel's conduct falls within the range of reasonable professional assistance. Accordingly, Ms. Zarate's Motion is **DENIED** as to the second ground.

*D. Third Ground*

Ms. Zarate's last contention is that she lacked the effective assistance of counsel due to her counsel's failure to call character witnesses at sentencing or seek out a psychiatric exam. Ms Zarate, in her brief statement, has not shown that her counsel's failure to call character witnesses at sentencing fell below an objective standard of reasonableness, or that the outcome of the proceeding would have been different. Similarly, she has not shown that her counsel's failure to submit her for a psychiatric exam fell below on objective standard of reasonableness, or that the outcome of the proceedings would have been different. As discussed *supra*, the court was in possession of a thorough presentence investigation report, prepared with Ms. Zarate's help, that detailed her mental and emotional health, and found no reason not to accept her plea of guilty as voluntarily and capably rendered. Accordingly, Ms. Zarate's Motion is **DENIED** as to the third ground.

## IV.  Conclusions

Ms. Zarate's Motion contains cursory allegations that cannot sustain a finding by

ORDER - 4

the court that her counsel's representation violated *Strickland* by falling below an objective standard of reasonableness, nor have the allegations shown that the outcome of the proceedings would have been any different had the alleged ineffective assistance of counsel actually occurred.  These factors, considered in conjunction with *Strickland's* strong presumption that counsel's conduct fell within a range of reasonable professional assistance, allow the court to forgo an evidentiary hearing and conclude, based on the record, that Ms. Zarate's Motion must be **DENIED**.

**IT IS HEREBY ORDERED**:

The Defendant's Motion to Vacate, Set Aside, or Correct Sentence (Ct. Rec. 94) is **DENIED**.

The Clerk is hereby directed to enter this Order and furnish copies to counsel and Ms. Zarate.

**DATED** this 9th day of February, 2010.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE